UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

AARON RUFFIN                                                                              PLAINTIFF

v.                                                     CIVIL ACTION NO. 5:22CV-P159-JHM

LT. MILACHECK *et al.*                                                    DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Plaintiff Aaron Ruffin filed the instant *pro se* 42 U.S.C. § 1983 action. The case is before the Court upon initial review pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will allow some claims to proceed and dismiss other claims.

**I.**

Plaintiff is a convicted inmate at the Kentucky State Penitentiary (KSP). He sues the following corrections officers or employees: Kentucky Department of Corrections (KDOC) Commissioner Cookie Crews; KSP Warden Scott Jordan; Lieutenants Caleb Alverio and Sasha Primozich; Prison Rape Elimination Act (PREA) Coordinator Samantha Wyatt; and Correctional Officers Michael Hughes and Rebecca Clark. He also sues the following medical providers who he identifies as employees of Wellpath Medical Services: ARPNs[1] Karen Ramey and Anna Murphy and Nurse Practitioners Karen Smith and Hailey Watkins. He sues each Defendant in his or her individual and official capacities.

Plaintiff organizes his complaint into five separate claims, and the Court will address each claim accordingly below. As relief, he seeks compensatory and punitive damages and injunctive relief in the form of "non-retaliation by staff at KSP."

---

[1] The Court understand that APRN stands for Advance Practice Registered Nurse.

## II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III.

#### *A. Claim one*

Plaintiff alleges that he was subjected to excessive force by Defendant Alverio when he tased Plaintiff while handcuffed, "roughly escorted" him, and grabbed and threw him down a set of stairs while in restraints. He also maintains that Defendants Primozich and Hughes failed to protect him from Defendant Alverio's alleged excessive force.

*1. Eighth Amendment*

Upon review, the Court will allow Plaintiff's Eighth Amendment claim for excessive force to proceed against Defendant Alverio in his individual capacity and Eighth Amendment claims for failure to protect to proceed against Defendants Primozich and Hughes in their individual capacities.

Plaintiff's official-capacity claims, however, must be dismissed. Defendants Alverio, Primozich, and Hughes are employees or officers of the Commonwealth of Kentucky. "[O]fficial-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). A state, its agencies, and state officials sued in their official capacities for monetary damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Further, the Eleventh Amendment acts as a bar to claims for monetary damages against a state, its agencies, and state employees or officers sued in their official capacities. *Kentucky v. Graham*, 473 U.S. at 169. Therefore, Plaintiff's official-capacity claims against Defendants Alverios, Primozich, and Hughes for monetary damages must be dismissed for failure to state a claim upon which relief may be granted and for seeking monetary relief from a defendant who is immune from such relief.

With regard to Plaintiff's demand for injunctive relief, Plaintiff requests "non-retaliation by staff at KSP." The request that the Court protect Plaintiff from potential retaliation in the future must be denied. Any such threat is speculative and at this time merely hypothetical, which is insufficient to warrant injunctive relief. *See O'Shea v. Littleton*, 414 U.S. 488, 494-96 (1974). Therefore, Plaintiff's official-capacity claims against Defendants Alverio, Primozich, and Hughes for injunctive relief must also be dismissed for failure to state a claim upon which relief can be granted.

### 2. *Failure to follow prison policies and procedures*

In connection with Claim One, Plaintiff also alleges that Defendants failed to follow KDOC policies and procedures. However, the failure of prison officials to follow institutional procedures or policies does not give rise to a constitutional claim. *Sandin v. Conner*, 515 U.S. 472, 481-82 (1995); *Smith v. City of Salem, Ohio*, 378 F.3d 566, 578 (6th Cir. 2004) ("[S]tate law, by itself, cannot be the basis for a federal constitutional violation."); *Rimmer-Bey v. Brown*, 62 F.3d 789, 791 (6th Cir. 1995) (rejecting inmate's argument that prison failed to follow Michigan prison regulations in putting him in segregation). Therefore, Plaintiff's claims based on failure to follow KDOC policies and procedures will be dismissed for failure to state a claim.

### B. Claim Two

Plaintiff alleges that Defendants Primozich and Jordan are "liable under their supervisory levels." The Court has allowed Plaintiff's claim for failure to protect to proceed against Defendant Primozich in her individual capacity above.

With regard to the individual-capacity claim Defendant Jordan, Plaintiff states as follows:

> Warden Scott Jordan is the most high supervisor at the Kentucky State Penitentiary and should have had all that was involved invesigated by the Internal Affairs Unit, but failed to do so because if there was a civial rights violation in which clearly

there is he would be liable for the actions of his employees of whom which he has hired.

The doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Supervisory liability "must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act.'" *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)). The complaint contains no allegations that Defendant Jordan was actively involved in an alleged violation of Plaintiff's constitutional rights. Therefore, Plaintiff's individual-capacity claim against Defendant Jordan based on his supervisory role must be dismissed for failure to state a claim upon which relief may be granted.

Moreover, Plaintiff's claim against Defendant Jordan based on his failure to investigate the actions of others fails to state a constitutional violation because private citizens have no constitutional or federal statutory right to compel the investigation of another person. *See Diamond v. Charles*, 476 U.S. 54 (1986); *Vick v. Core Civic*, 329 F. Supp. 3d 426, 455 (M.D. Tenn. 2018) ("[T]o the extent that [] Plaintiff asserts that [] Defendant violated his rights by failing to investigate his assertions of factual innocence, the Plaintiff has not stated a cognizable [§ 1983] claim."); *Jacoby v. PREA Coordinator*, No. 5:17-cv-00053-MHH-TMP, 2017 U.S. Dist. LEXIS 107831, at *10 (N.D. Ala. Apr. 4, 2017) ("Whether an inadequate investigation, or the failure to investigate at all, no § 1983 liability is created."), *report and recommendation adopted*, 2017 U.S. Dist. LEXIS 106774 (N.D. Ala. July 11, 2017).

5

The Court also finds that Plaintiff's claim against Defendant Jordan in his official capacity must be dismissed for the same reasons the official-capacity claims against Defendants Alverio, Primozich, and Hughes were dismissed above.

### *C. Claim Three*

Plaintiff next states, "Violation of 42 U.S.C. § 1983 makes any person(s) having knowledge that a conspiracy to violate civil rights was afoot and having power to prevent or aide in preventing the same, who did not attempt to stop the same makes any person(s) that injured the Plaintiff liable by the conspiracy." He also maintains that Defendant Primozich should have "immediately stopped the unlawful assault against the Plaintiff."

As stated above, the Court has allowed Plaintiff's failure to protect claim to proceed against Defendant Primozich in her individual capacity.

To the extent Plaintiff is attempting to assert a separate claim for conspiracy, the claim fails. Under § 1983, a civil conspiracy is "'an agreement between two or more persons to injure another by unlawful action.'" *Bazzi v. City of Dearborn*, 658 F.3d 598, 602 (6th Cir. 2011) (quoting *Revis v. Meldrum*, 489 F.3d 273, 290 (6th Cir. 2007)). "It is well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983." *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987). To state a claim of conspiracy, Plaintiff must allege the elements that make up a conspiracy claim: that a single plan existed; that the alleged co-conspirators shared in the general conspiratorial objective to deprive Plaintiff of his constitutional or federal statutory rights; and that an overt act was committed in furtherance of the conspiracy that caused injury. *Hooks v. Hooks*, 771 F.2d 935, 944 (6th Cir. 1985).

The complaint contains no facts that would allow the Court to draw a reasonable inference that Defendants engaged in a conspiracy before the alleged assault of Plaintiff to violate his constitutional rights. Plaintiff makes only conclusory allegations of that a conspiracy existed. "The 'web of inference[s] is too weak' on the alleged facts to permit a finding, 'absent sheer speculation,' that [Defendants] shared . . . [an] unlawful objective." *Bazzi v. City of Dearborn*, 658 F.3d at 603 (quoting *United States v. Sliwo*, 620 F.3d 630, 637 (6th Cir. 2010)). Accordingly, Plaintiff's § 1983 conspiracy claims will be dismissed for failure to state a claim.

### *D. Claim Four*

Plaintiff next alleges that the Defendant medical providers Ramey, Murphy, Smith, and Watkins showed deliberate indifference to his medical needs when they denied him medical treatment after the alleged assault.

Upon review, the Court will allow Plaintiff's claims for deliberate indifference to serious medical needs under the Eighth Amendment to proceed against Ramey, Murphy, Smith, and Watkins in their individual capacities.

With regard to the claims against these Defendants in their official capacities, once again, "official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. at 166 (quoting *Monell*, 436 U.S. at 691 n.55). Thus, Plaintiff's official-capacity claims against Defendants Ramey, Murphy, Smith, and Watkins are actually brought against their employer, Wellpath. The same analysis that applies to a § 1983 claim against a municipality applies to a § 1983 claim against a private corporation, such as Wellpath, which has presumably contracted with KSP to provide medical services to inmates. *See Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996) ("*Monell* involved a municipal corporation, but every circuit to consider the issue has extended the

7

holding to private corporations as well."). A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a policy or custom and the alleged constitutional deprivation. *Monell.*, 436 U.S. at 691. Thus, liability of a contracted private entity also must be based on a policy or custom of the entity. *Street v. Corr. Corp. of Am.*, 102 F.3d at 818; *see also Starcher v. Corr. Med. Sys., Inc.*, 7 F. App'x 459, 465 (6th Cir. 2001).

To state a claim against a contracted entity, a plaintiff must "identify the policy, connect the policy to the [entity] itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 363-64 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability" of the entity under § 1983. *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

In the instant case, Plaintiff does not allege that he was denied medical treatment pursuant to a policy or custom of Wellpath. He alleges incidents that affected only him. Accordingly, Plaintiff's official-capacity claims against Defendants Ramey, Murphy, Smith, and Watkins must be dismissed for failure to state a claim upon which relief may be granted.

### E. Claim Five

Plaintiff also alleges that he was retaliated against because he filed a PREA report against Defendant Alverio. Plaintiff states that he and Defendant Alverio were put on a "keep away from each other which is set to keep all contact from each other while a P.R.E.A. report can be invesigated by Internal Affairs." He states that Defendant Alverio "returned to his walk on four (4) separate occasions after the keep away was applied." He maintains that Defendant Alverio

8

"was taunting the Plaintiff by making derogatory remarks towards the Plaintiff by using foul language, calling the Plaintiff a rat and sayng that the Warden Scott Jordan has cleared him from all wrong doing" which Plaintiff claims Defendant Jordan did not have the authority to do. Plaintiff also states, "The Plaintiff also received a disciplinary report for filing a P.R.E.A. that came from P.R.E.A. Coordinator Samantha Wyatt."

Plaintiff attaches the prison disciplinary report as an exhibit to the complaint (DN 1, PageID.21-24). The write-up's "Description of Incident" states that an investigation of Plaintiff's PREA report was completed, and that the allegation was "determined to be UNFOUNDED, meaning that this incident was determined not to have occurred. Upon my review of the investigation and of the video footage, I have determined that this alleged incident did not occur, as reported by Inmate Ruffin, and that Inmate Ruffin filed the allegation in bad faith." (*Id.*, PageID.21).

In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc).

   1. *Defendant Alverio*

Without deciding for the purposes of this initial review whether the PREA report Plaintiff filed against Defendant Alverio was protected conduct, the Court finds that Plaintiff has failed to meet the second prong of stating a retaliation claim. Some actions are too minor to constitute adverse action. *Thaddeus-X*, 175 F.3d at 398. To recognize "inconsequential" actions and minor harassment as adverse action would "'trivialize the First Amendment.'" *Id*. at 398-99 (citing *Bart*

*v. Telford*, 677 F.2d 622, 625 (7th Cir. 1982)). "[P]risoners are expected to endure more than the average citizen[.]" *Siggers-El v. Barlow*, 412 F.3d 693, 701 (6th Cir. 2005). Verbal harassment is not sufficiently adverse. *See Dunbar v. Barone*, 487 F. App'x 721, 723-24 (3d Cir. 2012) ("[V]erbal threats and [the] few gestures of racial harassment Dunbar allegedly encountered are not sufficiently adverse to support a retaliation claim."); *Carney v. Craven*, 40 F. App'x 48, 50 (6th Cir. 2002) ("Even if the grievance was not frivolous, he did not state a claim for retaliation in the form of verbal harassment. An inmate has no right to be free from verbal abuse, and minor threats do not rise to the level of a constitutional violation.")

Therefore, Plaintiff's retaliation claim against Defendant Alverio in his individual and official capacity must be dismissed for failure to state a claim upon which relief may be granted.

*2. Defendant Wyatt*

With regard to Defendant Wyatt, Plaintiff states only, "The Plaintiff also received a disciplinary report for filing a P.R.E.A. that came from P.R.E.A. Coordinator Samantha Wyatt." Without deciding whether Plaintiff's allegations meet the first two prongs of a retaliation claim, the Court finds that Plaintiff has failed to state allegations that meet the third prong.

With regard to the third prong, "retaliation 'rarely can be supported with direct evidence of intent.'" *Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005) (quoting *Murphy v. Lane*, 833 F.2d 106, 108 (7th Cir. 1987)). Thus, a plaintiff may rely on circumstantial evidence, but he must still provide "specific, nonconclusory allegations" linking his conduct to a defendant's retaliatory act. *Spencer v. City of Catlettsburg*, 506 F. App'x 392, 396 (6th Cir. 2012). "[A]lleging merely the ultimate fact of retaliation is insufficient." *Murphy*, 833 F.2d at 108. "[C]onclusory allegations of retaliatory motive 'unsupported by material facts will not be sufficient to state . . . a claim under § 1983.'" *Harbin-Bey*, 420 F.3d at 580 (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538-39 (6th

Cir. 1987)); *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). A plaintiff may allege a chronology of events from which a defendant's retaliatory animus could reasonably be inferred. *Manning v. Bolden*, 25 F. App'x 269, 272 (6th Cir. 2001) (citations omitted). However, courts are "reluctant to find retaliatory motive from temporal proximity alone when that proximity is not 'extremely close.'" *Briggs v. Westcomb*, 801 F. App'x 956, 960-61 (6th Cir. 2020) (citing *Holzemer v. City of Memphis*, 621 F.3d 512, 526 (6th Cir. 2010)). Other evidence courts examine to determine retaliatory motive include statements by defendants or the disparate treatment of other prisoners in the same circumstances. *Hill v. Lappin*, 630 F.3d 468, 476 (6th Cir. 2010); *see also Patterson v. Godward*, 370 F. App'x 608, 610 (6th Cir. 2010).

Plaintiff's one-sentence allegation against Defendant Wyatt is conclusory and provides no factual basis to support a retaliatory motive. "[B]ecause prisoner retaliation claims are easily fabricated, and accordingly pose a substantial risk of unwarranted judicial intrusion into matters of general prison administration, we are careful to require non-conclusory allegations." *Bennett v. Goord*, 343 F.3d 133, 137 (2d Cir. 2003) (internal quotation marks omitted).

Therefore, Plaintiff's retaliation claim against Defendant Wyatt in her individual and official capacity will be dismissed for failure to state a claim.

### F. Defendants Crews and Clark

Plaintiff names Defendants Crews and Clark as Defendant, but the complaint states no allegations against them. The Sixth Circuit "has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (citing *Terrance v. Northville Reg'l*

11

*Psych. Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002)). Where a person is named as a defendant without an allegation of specific conduct, the claim against the defendant is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (affirming dismissing of plaintiff's claims for failure to state a claim upon which relief may be granted where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 U.S. App. LEXIS 30782, at *7 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant).

Insofar as Plaintiff sues Defendant Crews based on her supervisory authority in her role as KDOC Commissioner, as stated above, the doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell*, 436 U.S. at 691,

Accordingly, Plaintiff's claims against Defendants Crews and Clark in their individual and official capacities will be dismissed for failure to state a claim upon which relief may be granted.

**IV.**

For the reasons set forth herein, and the Court being otherwise sufficiently advised,

**IT IS HEREBY ORDERED** that Plaintiff's official-capacity claims against all Defendants; claims for injunctive relief; claims based on failure to follow prison policies and procedures, conspiracy, and retaliation; and claims against Defendants Jordan, Wyatt, Crews, and Clark are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1), (2) for failure to state a claim upon which relief may be granted and for seeking damages from a defendant who is immune from such relief.

The **Clerk of Court is directed to terminate** Defendants Crews, Jordan, Wyatt, and Clark as parties to the action since no claims remain against them.

inThe Court will enter a separate Service and Scheduling Order governing the claims which will be allowed to proceed.

Date: May 24, 2023

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
 Defendants Alverio, Primozich, Hughes, Ramey, Murphy, Smith, and Watkins
 General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4414.010